THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL OPINION ASKING, IF EFFECT:
 MAY THE BOARD OF TRUSTEES OF A COUNTY EMPLOYEE'S RETIREMENT SYSTEM, PURSUANT TO 19 O.S. 951 (1981) ET SEQ., RESTRICT OR PROHIBIT CREDIT FOR SERVICE AS A "WAR VETERAN", AS DEFINED BY 72 O.S. 67.13(A) (1989), FROM BEING RECEIVED UNTIL AFTER THE COUNTY EMPLOYEE HAS BECOME VESTED UNDER THE PARTICULAR COUNTY EMPLOYEE'S RETIREMENT SYSTEM, OR MUST SERVICE CREDIT BE GIVEN TO SUCH "WAR VETERANS" IMMEDIATELY UPON APPLICATION FOR SUCH CREDIT AND COMMENCEMENT OF EMPLOYMENT?
THERE HAS BEEN A DISCUSSION OF THE ISSUES PRESENTED IN YOUR INQUIRY WITHIN THE STAFF OF THE OFFICE OF THE ATTORNEY GENERAL, AND IT IS OUR CONSENSUS THAT 72 O.S. 67.13(A) (1989) DOES NOT APPLY TO COUNTY EMPLOYEE RETIREMENT FUNDS AND SYSTEMS, AS PROVIDED FOR AT 19 O.S. 951 (1989) ET SEQ., AS AMENDED. FURTHER, IT DOES NOT APPEAR THAT IT IS NECESSARY OR APPROPRIATE THAT AN OFFICIAL PUBLISHED RESPONSE BE PROVIDED AS THE INTENT OF THE LAW RELEVANT TO YOUR QUESTION IS RELATIVELY CLEAR AND UNAMBIGUOUS.
IT SHOULD FIRST BE NOTED THAT THERE ARE TWO POSSIBLE SCENARIOS UNDER WHICH COUNTY EMPLOYEES COULD QUALIFY AS "WAR VETERANS", AS DEFINED BY 72 O.S. 67.13(A) (1989). THE FIRST MIGHT BE TERMED INTERRUPTED MILITARY SERVICE, AND APPLIES TO THOSE EMPLOYEES WHO ARE CALLED INTO MILITARY SERVICE, STATUTORILY QUALIFY AS "WAR VETERANS", AND LATER RETURN TO THEIR POSITION IN CIVILIAN LIFE. THE SECOND SITUATION INVOLVES PRIOR MILITARY SERVICE AND APPLIES TO THOSE WHO SERVE IN THE ARMED FORCES, QUALIFY AS "WAR VETERANS", AND THEN ENTER INTO COUNTY EMPLOYMENT.
THE VIEWS HEREIN EXPRESSED ARE LIMITED TO MILITARY SERVICE PRIOR TO EMPLOYMENT WITH THE COUNTY, AR.D ENTRANCE INTO THE PARTICULAR COUNTY EMPLOYEE'S RETIREMENT FUND AND SYSTEM. ADDITIONALLY, I HAVE NOT ATTEMPTED TO IMPLICATE THE FEDERAL STATUTES INVOLVING WAR VETERANS AND VARIOUS RETIREMENT PROVISIONS.
YOUR QUESTION INVOLVING PRIOR SERVICE "WAR VETERANS" IS BASED ON THE UNWARRANTED ASSUMPTION THAT 72 O.S. 67.13(A) (1989) APPLIES TO ALL RETIREMENT SYSTEMS, STATE AND COUNTY; THUS REQUIRING COUNTY EMPLOYEE RETIREMENT SYSTEMS, AS PROVIDED BY 19 O.S. 951 (1981) ET SEQ., AS AMENDED, TO ADHERE TO THE PROVISIONS OF SECTION 67.13(A). SECTION 67.13(A) PROVIDES IN PERTINENT PART:
 "WAR VETERANS, AS DEFINED ABOVE, SHALL RECEIVE MAXIMUM BENEFITS AVAILABLE FOR EACH YEAR OF CREDITABLE SERVICE, NOT TO EXCEED FIVE (5) YEARS, FOR ACTIVE MILITARY SERVICE FOR RETIREMENT BENEFITS IN THE RETIREMENT SYSTEMS WITHIN THE STATE OF OKLAHOMA; . . ."
WHERE THE LEGISLATIVE INTENT IS PLAINLY DISCERNABLE FROM THE PROVISIONS OF A STATUTE WHEN CONSIDERED AS A WHOLE, THE REAL PURPOSE AND INTENT OF THE LEGISLATIVE BODY WILL PREVAIL OVER THE LITERAL IMPORT OF THE WORDS EMPLOYED. C C TILE AND CARPET CO. INC. V. ADAY, 697 P.2D 175 (OKL. APP. 1985). A COURT MAY ADOPT A RESTRICTED MEANING OF STATUTORY WORDS WHERE LITERAL OR UNUSUAL MEANING OF THE WORDS WOULD LEAD TO ABSURD RESULTS OR THWART THE OBVIOUS PURPOSE OF THE STATUTE. STATE OF OKL. EX REL. DEPT. OF HUMAN SERVICES V. WEINBERQER, 741 F.2D 290 (C.A. OKL. 1983), CERT. DENIED; FARRAH V. U.S.,104 S.CT. 2343, 466 U.S. 971, 80 L.ED.2D 817. STATUTES SHOULD BE INTERPRETED TO PRODUCE REASONABLE RESULT AND TO PROMOTE, RATHER THAN TO DEFEAT, THE GENERAL PURPOSE AND POLICY OF THE LAW; THE APPARENT PURPOSE OF STATUTE WILL NOT BE SACRIFICED TO LITERAL CONSTRUCTION. PHELDS V. STATE, 598 P.2D 254 (OKL CR. 1979).
IT IS CLEAR THAT THE STATUTORY INTENT OF 72 O.S. 67.13(A) IS TO DEFINE WHAT CONSTITUTES A "WAR VETERAN", FOR PURPOSES OF THE WAR VETERANS COMMISSION OF OKLAHOMA — REVOLVING FUND, AS WELL AS DELINEATE WHAT BENEFITS SHALL BE AVAILABLE TO SUCH "WAR VETERANS". IT DOES NOT APPEAR THAT 67.13(A) WAS INTENDED TO REQUIRE ALL "RETIREMENT SYSTEMS WITHIN THE STATE OF OKLAHOMA" TO ADOPT AND FOLLOW THAT SECTION'S PROVISIONS WITH REGARD TO BENEFITS TO BE RECEIVED BY SUCH "WAR VETERANS". THAT PHRASE SHOULD BE INTERPRETED, RATHER, AS IMPLICATING OKLAHOMA STATE RETIREMENT SYSTEMS. IF ONE ADOPTED THE LITERAL AND BROAD INTERPRETATION OF THE ABOVE LANGUAGE, IT WOULD IMPOSE SECTION 67.13(A)'S PROVISIONS ON PRIVATE AS WELL AS GOVERNMENTAL RETIREMENT SYSTEMS IN THE STATE OF OKLAHOMA. THIS WOULD LEAD TO A RESULT INCONSISTENT WITH THE PURPOSE OF SECTION 67.13(A) WHICH THE LEGISLATURE DID NOT INTEND. CONSEQUENTLY, SECTION 67.13(A) HAS TO BE INTERPRETED IN A NARROW SENSE, WHICH WOULD ONLY IMPOSE THAT SECTION'S PROVISIONS ON STATE RETIREMENT SYSTEMS.
TITLE 19 O.S. 951 (1981) ET SEQ. VESTS AUTHORITY TO THE COMMISSIONERS OF ANY COUNTY HAVING A POPULATION OF 300,000 OR MORE TO PROVIDE BY RESOLUTION FOR A RETIREMENT FUND AND SYSTEM FOR ANY SUCH COUNTY'S EMPLOYEES. THE STATUTORY PROVISIONS IMMEDIATELY FOLLOWING SECTION 951 FURTHER RELATE TO SUCH A RETIREMENT SYSTEM. SPECIFICALLY, 19 O.S. 952 PROVIDES IN PERTINENT PART:
 "EVERY COUNTY ESTABLISHING A RETIREMENT FUND AND SYSTEM UNDER THE TERMS OF THIS ACT IS AUTHORIZED AND DIRECTED TO PROVIDE FOR THE CONTROL AND MANAGEMENT OF SUCH SYSTEM BY RESOLUTION WHICH IN ADDITION TO OTHER PERSONS SHALL PROVIDE FOR: (1) THE QUALIFICATIONS OF THE PERSONS ELIGIBLE FOR RETIREMENT BENEFITS; (2) THE MINIMUM AGE FOR RETIREMENT OF EMPLOYEES; (3) THE LIMITATIONS OF AMOUNTS TO BE PAID TO PERSONS ELIGIBLE FOR RETIREMENT BENEFITS; (4) A BOARD OF TRUSTEES TO ADMINISTER THE FUND, COMPOSED OF (7) MEMBERS AS FOLLOWS: THE COUNTY TREASURER, TO BE TREASURER OF SAID BOARD, THE CHAIRMAN OF THE BOARD OF COUNTY COMMISSIONERS, THE DISTRICT ATTORNEY, AND THREE MEMBERS TO BE CHOSEN BY THE EMPLOYEES OF SAID COUNTY; (5) THE AMOUNT OF CONTRIBUTIONS TO BE MADE BY THE EMPLOYEES; AND (6) SUCH RULES AND REGULATIONS AS THE BOARD OF TRUSTEES SHALL DETERMINE NECESSARY FOR THE ROPER REGULATION OF THE RETIREMENT FUND AND SYSTEM"
WHEN THE TERMS OF A STATUTE ARE CLEAR AND UNAMBIGUOUS, THAT LANGUAGE IS CONTROLLING ABSENT RARE AND EXCEPTIONAL CIRCUMSTANCES. WILSON V. SHOCKER, 819 F.2D 943 (OKL. 1987). LEGISLATIVE INTENT IS CONTROLLING ELEMENT IN JUDICIAL INTERPRETATION OF STATUTES, BUT IF STATUTES CONTAIN NO INCONSISTENT PROVISION, NO AMBIGUITIES, OR UNCERTAINTIES, NO OCCASION EXISTS FOR APPLICATION OF RULES OF CONSTRUCTION AND STATUTES WILL BE ACCORDED MEANING AS EXPRESSED BY LANGUAGE THEREIN EMPLOYED. MATTER OF PHILLIPS PETROLEUM CO., 652 P.2D 283 (OKL. 1982).
A STRAIGHTFORWARD INTERPRETATION OF 19 O.S. 952 (1981) LEAVES THE COMPLETE MANAGEMENT AND CONTROL OF A COUNTY EMPLOYEES' RETIREMENT SYSTEM IN THE HANDS OF THE PARTICULAR BOARD MEMBERS OF THAT COUNTY. SECTION 952 EXPLICITLY STATES THE BOARD MEMBERS ARE TO PROVIDE FOR THE CONTROL AND MANAGEMENT OF SUCH SYSTEM AS WELL AS THE QUALIFICATIONS OF THE PERSONS ELIGIBLE FOR RETIREMENT BENEFITS AND OTHER SUCH RULES AND REGULATIONS THE BOARD OF TRUSTEES SHALL DETERMINE NECESSARY FOR PROPER REGULATION OF THE SYSTEM. CONSEQUENTLY, THE BOARD WOULD HAVE THE AUTHORITY TO ESTABLISH PARTICULAR RULES AND REGULATIONS RELATING TO SUCH "WAR VETERANS", AND WHETHER THEIR SERVICE CREDIT SHOULD BE GIVEN TO THEM IMMEDIATELY UPON APPLICATION FOR SUCH CREDIT OR ONLY AFTER THE COUNTY EMPLOYEE HAS BECOME VESTED UNDER THE PARTICULAR RETIREMENT SYSTEM.
THEREFORE, IN LIGHT OF THE FORGOING STATUTES AND CASE LAW, THE BOARD OF TRUSTEES OF A COUNTY EMPLOYEE RETIREMENT FUND AND SYSTEM, PURSUANT TO 19 O.S. 951 ET SEQ., AS AMENDED, HAS THE AUTHORITY TO RESTRICT OR PROHIBIT CREDIT FOR SERVICE AS A "WAR VETERAN", AS DEFINED BY 72 O.S. 67.13(A) (1989), FROM BEING RECEIVED UNTIL AFTER THE COUNTY EMPLOYEE HAS BECOME VESTED UNDER THE PARTICULAR COUNTY EMPLOYEES' RETIREMENT SYSTEM.
THIS RESPONSE DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT, RATHER REPRESENTS MY VIEWS ON THE LAW RELEVANT TO YOUR INQUIRY. I HOPE YOU FIND THESE COMMENTS USEFUL; IF I CAN BE OF FURTHER ASSISTANCE, PLEASE FEEL FREE TO CALL ON ME.
(ROBERT T. RALEY)